1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 ANTHONY R. TURNER,

11        Plaintiff,              No. CIV S 07-1362 LKK GGH P

12    vs.

13 ARNOLD SCHWARZENEGGER, et al.,    ORDER

14        Defendants.

15 _____/

16        Plaintiff is an inmate of Yolo County's Monroe Detention Center proceeding pro

17 se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28

18 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local

19 Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).[1]

20        Plaintiff has submitted a declaration that makes the showing required by 28

21 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $6.50 will be assessed by this

24 order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25 _____

26     [1] This case was transferred from the Northern District.  See Order, filed on 7/11/07.

1

1  collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

2  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

3  preceding month's income credited to plaintiff's prison trust account.  These payments will be

4  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

5  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

11  U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint must contain more than a "formulaic recitation of the elements of a

20  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

21  speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

22  "The pleading must contain something more...than...a statement of facts that merely creates a

23  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

24  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

25  standard, the court must accept as true the allegations of the complaint in question, Hospital

26  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

1   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

2   McKeithen, 395 U.S. 411, 421 (1969).

3          The complaint states a colorable claim for relief against defendants Chaud (or

4   Chan), Sgt. D. Hunter, Gibson, Lucerro, Hudson, pursuant to 42 U.S.C. § 1983 and 28 U.S.C.

5   § 1915A(b).

6           By Order, filed on October 3, 2007, Judge Karlton related two cases, formerly

7   No. CIV S 07-0078 GEB CMK P and No. CIV S 07-1362 LEW DAD P, now denominated No.

8   CIV S 07-0078 LKK GGH P and No. CIV S 07-1362 LKK GGH P, to No. CIV S 07-0022 LKK

9   GGH P, now No. CIV S 07-0022 GGH P.   Plaintiff names nearly 30 defendants, alleging

10  violations of his Fourth, Eighth, Thirteenth and Fourteenth Amendment rights.  Many of the

11  wide-ranging claims herein are duplicative of the claims set forth in Case No. CIV S 07-0022

12  GGH P or in  Case No. CIV S 07-0078 LKK GGH P-- including plaintiff's claims regarding the

13  manner of his December 11, 2006, arrest and what allegedly occurred upon his arrival and intake

14  at the Monroe Detention Center (Complaint, pp. 7, 16-18), placement in administrative

15  segregation (id. at 19), and most of his allegations regarding food poisoning and lack of medical

16  care for same (id. at 20), his allegations regarding lack of "grooming tools" and his claims

17  regarding his mail (id. at 6, 24), retaliation claims (id. at 8), and the defendants associated with

18  these claims - - and will be dismissed.[2]

19          Governor Schwarzenegger and California Department of Corrections and

20  Rehabilitation Secretary James Tilton are newly named defendants, who, as state officials,

21  plaintiff claims are responsible for the operation and security of, inter alia, county jails.  The

22  Civil Rights Act under which this action was filed provides as follows:

23                  Every person who, under color of [state law] . . . subjects, or causes
                    to be subjected, any citizen of the United States . . . to the
24

---

25          [2] Plaintiff acknowledges that he has brought his allegations against a number of the
    defendants previously in Case No. CIV -07-0078 GEB CMF P [now LKK GGH P].  Complaint,
26  p. 7.

1   deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
2   law, suit in equity, or other proper proceeding for redress.

3   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

4   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

5   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

6   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

7   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

8   omits to perform an act which he is legally required to do that causes the deprivation of which

9   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

10  Moreover, supervisory personnel are generally not liable under § 1983 for the

11  actions of their employees under a theory of respondeat superior and, therefore, when a named

12  defendant holds a supervisorial position, the causal link between him and the claimed

13  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

14  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

15  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

16  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

17  Cir. 1982).  Defendants Schwarzenegger and Tilton will be dismissed in their individual

18  capacities.

19  Just as it is not necessary to allege Monell[3] policy grounds when suing a state or

20  municipal official in his or her official capacity for injunctive relief related to a procedure of a

21  state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to

22  allege the personal involvement of a state official when plaintiffs are attacking a state procedure

23  on federal grounds that relates in some way to the job duties of the named defendant.  All that is

24  required is that the complaint name an official who could appropriately respond to a court order

25

26  [3]  Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

4

1    on injunctive relief should one ever be issued.  Harrington v. Grayson, 764 F. Supp. 464, 475-

2    477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).

3    ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a

4    theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft,

5    454 F. Supp. 784, 786 (E.D. Wis. 1978).  See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir.

6    1985), permitting an injunctive relief suit to continue against an official's successors despite

7    objection that the successors had not personally engaged in the same practice that had led to the

8    suit.  However, because a suit against an official in his or her official capacity is a suit against the

9    state, a practice, policy or procedure of the state must be at issue in a claim for official capacity

10    injunctive relief.  Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).  Plaintiff, in

11    making his broad-sweeping allegations, does not implicate as unconstitutional, any practice or

12    policy of the state.  Defendants Schwarzenegger and Tilton will be dismissed in their official

13    capacities.   Plaintiff will be granted leave to amend.

14         Other than his duplicative allegations to be dismissed on that basis, plaintiff does

15    not set forth colorable claims.  Plaintiff identifies a Deputy Huff, whom he does not clearly

16    identify as a defendant, and of whom he seems to be saying that this individual lied about who he

17    was and about who the kitchen staff was who may have sent plaintiff contaminated cranberry

18    juice containers on January 9, 2007.  Complaint, p. 20.  In another claim, plaintiff alleges that

19    only water to his cell was cut-off on January 15, 2007, leaving him thirsty and unable to flush his

20    toilet for the day.  Id. at 21.

21         Prison officials have a duty to ensure that prisoners are provided adequate shelter,

22    food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726,

23    731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970

24    (1994).  When an inmate has been deprived of necessities, "the circumstances, nature and

25    duration of a deprivation...must be considered in determining whether a constitutional violation

26    has occurred."  Johnson, supra, at 731.  "'[A] lack of sanitation that is severe or prolonged can

1  constitute an infliction of pain within the meaning of the Eighth Amendment.'" Id., quoting

2  Anderson v. County of Kern, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995).

3         Plaintiff's allegations with respect to having been sent juice in contaminated

4  containers on one occasion or having to endure an unflushed toilet or lack of drinking water for a

5  limited period do not rise to the level of Eighth Amendment violations.   Nor have these

6  allegations been adequately linked to specific defendants.  These claims will be dismissed with

7  leave to amend within thirty days.

8         As to defendant Tony, who allegedly threatened plaintiff with physical harm on

9  January 15, 2007, plaintiff fails to frame a claim. Id. at 21.  Threats of bodily injury are

10  insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act

11  itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  This claim will be dismissed with

12  leave to amend.

13         While plaintiff arguably frames an inadequate medical care claim against an

14  individual named Ms. Christine for refusing to distribute plaintiff's prescribed antibiotics to treat

15  his alleged food poisoning for three days, he has failed to identify her clearly as a defendant.

16  This claim will be dismissed with leave to amend.

17         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21  there is some affirmative link or connection between a defendant's actions and the claimed

22  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

24  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

25  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

1  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

2  amended complaint be complete in itself without reference to any prior pleading.  This is

3  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

4  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

5  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

6  original complaint, each claim and the involvement of each defendant must be sufficiently

7  alleged.  *Plaintiff is strongly cautioned not to duplicate claims brought in his pending prior*

8  *lawsuits.*

9  Miscellaneous

10       Plaintiff's motion for leave to amend, filed on October 2, 2007, was not

11  accompanied by a proposed first amended complaint.  The Federal Rules of Civil Procedure

12  provide that a party may amend his or her pleading "once as a matter of course at any time before

13  a responsive pleading is served."  Fed. R. Civ. P. 15(a).  Nevertheless, in light of the court's

14  screening of plaintiff's original complaint and the court's having granted plaintiff leave to amend

15  herein, the motion will be disregarded.

16       Plaintiff has requested the appointment of counsel.  The United States Supreme

17  Court has ruled that district courts lack authority to require counsel to represent indigent

18  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

19  certain exceptional circumstances, the court may request the voluntary assistance of counsel

20  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

21  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

22  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

23  counsel will therefore be denied.

24       In accordance with the above, IT IS HEREBY ORDERED that:

25       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

1  Plaintiff is assessed an initial partial filing fee of $6.50.  All fees shall be collected and paid in

2  accordance with this court's order to the Sheriff of Yolo County filed concurrently herewith.

3            3.  Plaintiff's claims against defendants Schwarzenegger; Tilton; Prieto; Day;

4  Rademaker; Malagra; Miller; Ray, Sr.; Ray, Jr.; Denier; Lavegnour; Oliver; Barrientos; Ward;

5  Capel; Westera; McCallister; Guerro; Kendrick; Cordova; Austin; Purcell; Geogini, as well as

6  claims against those not clearly identified as defendants, Huff and Christine, are dismissed for

7  the reasons discussed above, with leave to file an amended complaint within thirty days from the

8  date of service of this Order.  Failure to file an amended complaint will result in a

9  recommendation that these defendants be dismissed from this action.  Also dismissed are

10  plaintiff's claims duplicative of those made in prior, pending actions, as set forth above, which

11  plaintiff should not re-allege in any amended complaint.

12            4.  Plaintiff's motion for leave to amend, filed on October 10, 2007 (#6), is

13  disregarded.

14            5.  Plaintiff's request for appointment of counsel, included in the July 11, 2007

15  (#1) filing, is denied.

16  DATED: 04/15/08                          /s/ Gregory G. Hollows

17                                          _____
                                            GREGORY G. HOLLOWS
18                                          UNITED STATES MAGISTRATE JUDGE

19

20  GGH:009
    turn1362.b1
21

22

23

24

25

26